UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| BARBARA PEARSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:11-cv-00252-DBH |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Barbara Pearson seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under the Social Security Act. Pearson requests an award of $3,992.87. The Commissioner opposes the motion, in part, arguing that the request is excessive in certain respects. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $2,954.12.

### LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001).

The calculation of an EAJA fee award is ordinarily based on the familiar loadstar method. The Court determines the number of hours reasonably expended on the matter and

multiplies that figure by a reasonable hourly rate.[1] This analysis allows adjustments to be made for unreasonable and unproductive attorney time and for excessive hourly rates. A fee-shifting award under the EAJA is also appropriately reduced to account for the prevailing party's relative degree of success. A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989).

## DISCUSSION

The Commissioner does not dispute that an award is appropriate in this case. Nor does the Commissioner contend that certain of counsel's arguments were unnecessary. What the Commissioner does object to is Pearson's request for certain billing entries that the Commissioner describes as undeserving of attorney time or as overbilled "paralegal" time. The Commissioner also requests that the Court not authorize fee-shifting awards for paralegal time at the rate of $100 per hour, as requested by Pearson. The Commissioner is willing to concede a paralegal rate of $90.25, or half the EAJA attorney rate, but would prefer that the rate remain at $75 per hour. (Def.'s Partial Opp'n at 2-4, Doc. No. 15.) The parties agree that $180.50 per hour is the appropriate EAJA rate for attorney time.

### A. Attorney Effort

The Commissioner contends that the only activity reasonably billed at attorney rates is, in effect, a solitary entry for November 10, 2011, when counsel billed 2.2 hours for review and revisions to Pearson's draft statement of errors. (Id. at 2.) The total entries for counsel time in this matter total 5.75 hours, which strikes me as manifestly reasonable. The Commissioner sites

---

[1] The EAJA sets a cap on the hourly rates paid by the United States. United States v. Knott, 256 F.3d 20, 27 (1st Cir. 2001).

2

my recent recommended decision on an EAJA fee application in <u>Pelletier v. Social Security Administration Commissioner</u>, No. 1:10-cv-438-DBH (D. Me. Nov. 10, 2011), in which the applicant retained an attorney who did not rely on paralegals to perform any of the work associated with her claim. There, counsel requested 3.2 hours for complaint preparation, filing, payment of filing fees, and similar preliminary tasks. I recommended that the Court award 3.2 hours, but at one half the attorney rate for what amounted to "clerical" tasks. Here, by comparison, Pearson seeks 3.15 hours for preliminary tasks, including 0.75 hour for preparation of the complaint, summons, and *in forma pauperis* petition, and 1 hour to review the Commissioner's notice of denial, to review the file, and to write a letter to Ms. Pearson.

The preliminary preparation here is similar to the preliminary preparation in <u>Pelletier</u> in terms of the amount of attorney time. However, it is apparent that the two law practices are different and that Pearson's counsel achieves certain efficiencies by using paralegals to conduct the in-depth file review and to draft the statement of errors. The application here is, after all, under $4,000, whereas the application in <u>Pelletier</u> sought roughly $9,000, ultimately reduced to $5,477.50. In light of the efficiencies achieved by the use of paralegals for most substantive work, I am not inclined to recommend that the Court cut in half a request for what amounts to only 5.75 hours of attorney preparation, review, and oversight. There is more than one way to allocate work in these matters and the allocation here appears to be one reasonable approach. However, I do recommend a slight curtailment of the application in relation to paralegal fees.

**B.     Paralegal Effort**

The Commissioner requests that paralegal time be reduced by 25% in this case because the number of hours billed are excessive in light of the fact that the practice represented Pearson during administrative proceedings and had already prepared a pre-hearing memorandum. (<u>Id.</u> at

3.) It is apparent that Pearson's counsel relies heavily on paralegals and that this likely results in a net savings for the Commissioner. Still, there is a request for 28.5 hours of effort, which includes 7.25 hours billed to the exclusive task of drafting the statement of facts after billing more than 6 hours to review the file. Particularly in light of the fact that the same practice represented Pearson before the administrative law judge, I recommend that the Court reduce paralegal time by 4 hours.

**C.    Paralegal Rate**

Pearson requests an hourly rate of $100 for paralegal work, asserting by way of counsel's affidavit that this is a reasonable market rate for the Portland, Maine legal market. (Aff. in Support of App. for EAJA Fees ¶ 6, Doc. No. 14-2.) The Commissioner disagrees, argues that $75 per hour is a more reasonable rate, and allows that, at the very most, the paralegal rate should not exceed one-half of the EAJA attorney rate. (Def.'s Partial Opp'n at 3-4.) Pearson replies that this Court has found a rate of $100 per hour to be reasonable for experienced paralegals in the Portland market, citing Spooner v. EEN, Inc., No. 08-cv-262-P-S, 2010 WL 4286358, *3, 2010 U.S. Dist. Lexis 116307, *7 (D. Me. Oct. 28, 2010), aff'd 644 F.3d 62 (1st Cir. 2011), a copyright infringement case. (Pl.'s Reply Mem. at 2, Doc. No. 16.)

Although counsel has an office located in South Portland, Maine, Pearson is a resident of Howland, Maine, and this application falls under the EAJA, which imposes hourly-rate caps on awards paid by the United States. I am not persuaded that the Court's conclusion in Spooner calls for a $25 increase in the standard paralegal rate for social security cases, which has hovered around $75 for some time. Nor do I find counsel's one-line description of $100 as a reasonable market rate for Portland to be decisive in this regard. Nor do I believe that my recommendation in Pelletier that *counsel* receive one-half the EAJA rate for more clerical legal work he

4

performed, for want of a paralegal, provides a sufficient ground for this Court to step up the paralegal rate to one-half of the EAJA rate for attorney time, let alone to $100 per hour. I recommend that the Court maintain the $75 hourly rate for paralegals at this time, on this particular showing.

**D.     The Lodestar**

Based on the foregoing recommended assessment, the reasonable attorney time (5.75 hours) and EAJA rate for attorney time ($180.50) and the reasonable paralegal time (25.55 hours) and rate ($75.00) support a fee-shifting award of $2,954.12.

## CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the amount of $2,954.12.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 17, 2012