# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| BARBARA PEARSON, )<br>)<br>        Plaintiff    )<br>)<br>v.    )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>        Defendant    ) | Civil No. 1:11-cv-252-DBH |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On February 17, 2012, the United States Magistrate Judge filed with the court, with copies to counsel, her Report and Recommended Decision (Docket Item 17). The plaintiff filed her objection to the Magistrate Judge's Recommended Decision on March 5, 2012 (Docket Item 18). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as clarified below, and determine that no further proceeding is necessary.

With respect to what the EAJA rate should be for paralegal work in social security cases, I agree with Magistrate Judge Kravchuk that the "one-line description of $100 as a reasonable market rate for Portland" that is contained

in the plaintiff's lawyer's affidavit is not enough.[1] The rate of $75 has been accepted by this District in the past for social security cases. See Stern v. Astrue, No. 2:08-cv-213-GZS, 2009 WL 2824751 (D. Me. 2009). Perhaps it is time for an adjustment, but this case does not furnish the appropriate evidentiary record for what prevailing market rates are now and, contrary to the plaintiff's arguments, this District's precedents do not provide what is missing. In H-D Michigan, LLC v. Hannon, No. 2:09-cv-378-GZS, (Recommended Dec. on Att'y Fees at 4 (Mar. 7, 2010), aff'd, Mar. 25, 2010), Magistrate Judge Rich approved a $100 rate, but that was "'for similar services by paralegals' having over 20 years of experience" in the area of trademark infringement. In Spooner v. EEN, Inc., 2010 WL 4286358, at *3 (D. Me. Oct. 28, 2010), District Judge Singal accepted $100 as the prevailing market rate "for experienced paralegals" dealing with copyright infringement, citing H-D Michigan and observing that in Spooner the defendant had not suggested the

---

[1] Judge Kravchuk stated:
> Although counsel has an office located in South Portland, Maine, Pearson is a resident of Howland, Maine, and this application falls under the EAJA, which imposes hourly-rate caps on awards paid by the United States. I am not persuaded that the Court's conclusion in Spooner calls for a $25 increase in the standard paralegal rate for social security cases, which has hovered around $75 for some time. Nor do I find counsel's one-line description of $100 as a reasonable market rate for Portland to be decisive in this regard. Nor do I believe that my recommendation in Pelletier that *counsel* receive one-half the EAJA rate for more clerical legal work he performed, for want of a paralegal, provides a sufficient ground for this Court to step up the paralegal rate to one-half of the EAJA rate for attorney time, let alone to $100 per hour. I recommend that the Court maintain the $75 hourly rate for paralegals at this time, on this particular showing.

Recommended Dec. at 4 (emphasis in original.

rate was unreasonable.  In <u>Nationwide Payment Solutions, LLC v. Plunkett</u>, Docket No. 09-600-GZS (Recommended Dec. on Att'y Fees at 4 (Jan. 24, 2012)), a patent/trademark infringement case, Magistrate Judge Rich found that rates from $90 to $112 were reasonable, citing solely to <u>Spooner</u> and without referring to any evidence about paralegal market rates contained in the record of that case.  I am not prepared to say, without evidence, that the market rate for paralegal services in social security cases is equivalent to that for copyright, trademark and patent infringement cases, and here the paralegal's experience has not even been identified.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The plaintiff's EAJA Application is **GRANTED** in the amount of Two Thousand Nine Hundred Fifty-Four Dollars and Twelve Cents ($2,954.12).

**SO ORDERED.**

**DATED THIS 12TH DAY OF MARCH, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3